## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PATRICK MATTHEWS**                                    **CIVIL ACTION**

**versus**                                                        **NO. 15-430**

**BURL CAIN, WARDEN**                             **SECTION: "G" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Patrick Matthews, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On November 12, 2009, he was convicted of one count of simple burglary (Count 1) and two counts of theft (Counts 2 and 3) under Louisiana law.[1]  On December 16, 2009, he was sentenced to a term of ten years imprisonment on Count 1 and to a term of seven

---

[1]  State Rec., Vol. III of VIII, transcript of November 12, 2009, p. 275; State Rec., Vol. I of VIII, minute entry dated November 12, 2009; State Rec., Vol. I of VIII, jury verdict forms.

years imprisonment on each Count 2 and Count 3.[2]  On February 12, 2010, he was found to be a fourth offender and was resentenced as such on Count 1 to a term of life imprisonment without benefit of probation, parole, or suspension of sentence and on Count 2 to a term twenty years imprisonment without benefit of probation, parole, or suspension of sentence; his sentence on Count 3 was unaffected.[3]  On December 22, 2010, the Louisiana First Circuit Court of Appeal affirmed his convictions, habitual offender adjudications, and sentences.[4]  He then filed a *pro se* writ application in Case No. 2011-KH-0202, which the Louisiana Supreme Court denied on December 2, 2011.[5]

On February 20, 2013, petitioner, through counsel, filed an application for post-conviction relief with the state district court.[6]  That application was denied on September 16, 2013.[7] His related writ application was likewise denied by the Louisiana First Circuit Court of Appeal on

---

[2]  State Rec., Vol. III of VIII, transcript of December 16, 2009; State Rec., Vol. I of VIII, minute entry dated December 16, 2009.

[3]  State Rec., Vol. III of VIII, transcript of February 12, 2010; State Rec., Vol. I of VIII, minute entry dated February 12, 2010.

[4]  State v. Matthews, No. 2010 KA 1040, 2010 WL 5442011 (La. App. 1st Cir. Dec. 22, 2010); State Rec., Vol. IV of VIII.

[5]  State *ex rel.* Matthews v. State, 76 So.3d 1165 (La. 2011); State Rec., Vol. IV of VIII.

[6]  State Rec., Vol. IV of VIII.

[7]  State Rec., Vol. IV of VIII, Judgment with Reasons dated September 16, 2013.

April 8, 2014.[8]  He then filed a writ application with the Louisiana Supreme Court in Case No. 2014-KP-0977, which was denied on February 6, 2015.[9]

On February 10, 2015, petitioner, through counsel, then filed the instant federal application.[10]  The state filed an answer,[11] and petitioner filed a reply to that answer.[12]

As an initial matter, the Court notes that the state asserts in its answer that petitioner's federal application "appears to be timely."[13]  That concession may be unwarranted, in that it is based on obvious errors.[14]  Nevertheless, that issue need not be resolved, because the state has not raised

---

[8]  State v. Matthews, No. 2014 KW 0014 (La. App. 1st Cir. Apr. 8, 2014); State Rec., Vol. IV of VIII.

[9]  State v. Matthews, 158 So.3d 813 (La. 2015); State Rec., Vol. IV of VIII.

[10]  Rec. Doc. 1.

[11]  Rec. Doc. 10 and 11.

[12]  Rec. Doc. 14.

[13]  Rec. Doc. 11, p. 3.

[14]  For example, the state first contends that petitioner's conviction became "final" ninety days after the Louisiana Supreme Court denied his writ application in Case No. 2011-KH-0202.  Rec. Doc. 11, p. 2.  That is not correct.  As explained *infra*, that writ application was *untimely*; therefore, his conviction actually became "final" much earlier, i.e. when his time expired for filing a *timely* writ application.  See Butler v. Cain, 533 F.3d 314, 317-18 (5th Cir. 2008).  The state next contends that the federal limitations period was tolled pursuant to 28 U.S.C. § 2244(d)(2) while petitioner's 2013 post-conviction application was pending.  Rec. Doc. 11, p. 3.  That, too, is incorrect.  The Louisiana Supreme Court held that the post-conviction application was untimely under state law.  State v. Matthews, 158 So.3d 813 (La. 2015); State Rec., Vol. IV of VIII.  The United States Supreme Court has held that when a state application was denied as untimely under state law, then the application was not "properly filed" and therefore did not toll the federal limitations period.  Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (quotation marks and brackets omitted)).

a limitations defense, and the undersigned declines to raise that defense *sua sponte*. See Day v. McDonough, 547 U.S. 198, 209-10 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. ... If, as this Court has held, district judges have no obligation to act as counsel or paralegal to *pro se* litigants, then, by the same token, they surely have no obligation to assist attorneys representing the State." (citation, footnote, quotation marks and brackets omitted)).

The state does, however, argue that petitioner's claims are procedurally barred. On that point, the state is correct.

The United States Fifth Circuit Court of Appeals has held:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

In the instant case, petitioner asserts the following claims:

1.    Petitioner's sentence is excessive;

2.    Petitioner received ineffective assistance of counsel at trial;

3.    Petitioner received ineffective assistance of counsel on appeal; and

- 4 -

4.      The prosecution engaged in misconduct.[15]

Here, there is no question that the last state court to consider those claims, the Louisiana Supreme Court, "clearly and expressly" denied them on procedural grounds.  When petitioner's first claim challenging the excessiveness of his sentence was raised in Case No. 2011-KH-0202, the Louisiana Supreme denied relief, stating:  "Denied.  La. C. Cr. P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172."[16]  Both of those citations concern procedural matters.  Specifically, article 930.3 limits the grounds on which a prisoner may seek post-conviction relief, while the Melinie decision held that article 930.3 does not allow post-conviction challenges to sentencing errors.  When petitioner then reasserted his excessive sentence claim and asserted his remaining three claims in Case No. 2014-KP-0977, the Louisiana Supreme Court denied relief, stating:  "Denied.  La. C. Cr. P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189.  See also State ex rel. Hall v. State, 99-0326 (La. 9/24/99), 871 So.2d 1071."[17]  Again, all of those citations concern procedural matters.  Article 930.8 sets forth the limitations period for filing applications for post-conviction relief.  In Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under article 930.8, even if the lower court addressed the merits or did not consider timeliness.  In Hall, the Louisiana Supreme Court clarified that a defendant's conviction becomes final under Louisiana law upon his failure to seek *timely* review from a court of appeal's decision on direct appeal.

---

[15]  Rec. Doc. 1-1, pp. 1-2.

[16]  State *ex rel.* Matthews v. State, 76 So.3d 1165 (La. 2011); State Rec., Vol. IV of VIII.

[17]  State v. Matthews, 158 So.3d 813 (La. 2015); State Rec., Vol. IV of VIII.

In his reply to the state's response, petitioner seeks to avoid the imposition of a procedural bar by arguing that the Louisiana Supreme Court misapplied Louisiana law in its rulings in Case Nos. 2011-KH-0202 and 2014-KP-0977.  For the following reasons, this Court rejects that argument.

First, the undersigned notes the rulings at issue turn on the interpretation of *state* law, and the Louisiana Supreme Court is the final arbiter of Louisiana law.  See Levy Gardens Partners 2007, L.P. v. Commonwealth Land and Title Insurance Co., 706 F.3d 622, 629 (5th Cir. 2013) ("The principle that state courts are the final arbiters of state law is well-settled.").  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Trevino v. Johnson, 168 F.3d 173, 184 (5th Cir. 1999) (quotation marks omitted).

Second, in any event, the Louisiana Supreme Court did not err.  What both the state and petitioner's counsel have failed to recognize is that petitioner's writ application in Case No. 2011-KH-0202 was **untimely**.  The Louisiana First Circuit Court of Appeal affirmed petitioner's convictions, habitual offender adjudications, and sentences on **December 22, 2010**,[18] and mailed notice of its decision that same date.[19]  As a result, petitioner had only until **January 21, 2011**, to seek review of that decision by the Louisiana Supreme Court.[20]  The Louisiana Supreme Court

---

[18]  State v. Matthews, No. 2010 KA 1040, 2010 WL 5442011 (La. App. 1st Cir. Dec. 22, 2010); State Rec., Vol. IV of VIII.

[19]  State Rec., Vol. IV of VIII, Notice of Judgment.

[20]  Under state law, an application "to review a judgment of the court of appeal ... after an appeal to that court ..., shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."  Louisiana Supreme Court Rule X, § 5(a).  See also Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

determined that petitioner's writ application, which was mailed in an enveloped stamped "Not Censored" by prison officials on **January 24, 2011**, and metered for mailing on that same date,[21] was **untimely**.

However, rather than simply denying the application as an untimely direct-review application, the Louisiana Supreme Court instead opted to treat the application as one seeking collateral review.[22]  The foregoing conclusion is obvious from three facts:  First, the Louisiana Supreme Court recaptioned of the case as "State *ex rel.* Patrick W. Matthews v. State of Louisiana," the form of caption used for *collateral*-review *pro se* writ applications.  See, e.g., Young v. Cain, Civ. Action No. 12-1847, 2013 WL 870573, at *2 (E.D. La. Feb. 7, 2013), adopted, 2013 WL 870526 (E.D. La. Feb. 22, 2013); Boudreaux v. Cain, Civ. Action No. 07-1041, 2009 WL 4730706, at *3 & n.26 (E.D. La. Dec. 9, 2009).  Second, in denying relief, the Louisiana Supreme Court expressly cited La. Code Crim. P. art. 930.8 and State *ex rel.* Melinie v. State, 665 So.2d 1172 (La. 1996), both of which, as noted *supra*, apply *only* in *collateral*-review proceedings.  See, e.g., Young, 2013 WL 870573, at *2. Third, and most conclusively, the Louisiana Supreme Court dispelled any doubt as to its action by its citation to Hall when denying petitioner's subsequent writ application in Case No. 2014-KP-0977.

---

[21]  State Rec., Vol. VII of VIII, envelope.

[22]  Even the United States Fifth Circuit Court of Appeals has acknowledged that the Louisiana Supreme Court takes such an action on occasion.  Thomas v. Goodwin, 786 F.3d 395, 399 n.6 (5th Cir. 2015) ("The Louisiana Supreme Court sometimes converts untimely writ applications into applications for post-conviction relief.").

In <u>Hall</u>, the state court of appeal had affirmed Hall's conviction in 1992.  He then filed an untimely writ application with the Louisiana Supreme Court in 1994.  In the interest of judicial economy, the Louisiana Supreme Court, "in accordance with <u>State v. Jacobs</u>, 504 So.2d 817, 818 n.1 (La.1987), considered relator's untimely application, not as a step in direct review, but as an alternative to requiring relator to employ the redundant procedure of asserting, by post-conviction application in the lower courts ...." <u>Hall</u>, 871 So.2d at 1071.  The Supreme Court explained: "Rather than requiring relator to present the same arguments again to the lower courts by post-conviction application, this court's use of the <u>Jacobs</u> procedure in effect treated the application as one for post-conviction relief ...." <u>Id</u>. at 1071 n.1.  When Hall then subsequently filed a post-conviction application in 1996, the Louisiana Supreme Court denied that application as untimely because it had not been filed within the applicable limitations period which commenced when his conviction became final, explaining, "relator's conviction became final in 1992, and this court's treatment of his untimely 1994 application under the <u>Jacobs</u> procedure did not 'unfinalize' the conviction."  <u>Id</u>. at 1071.

The Louisiana Supreme Court's subsequent citation of <u>Hall</u> in Case No. 2014-KP-0977 is therefore a clear indication that the court had similarly converted petitioner's untimely writ application in Case No. 2011-KH-0202 to an application for post-conviction relief.  Moreover, because the sole claim asserted in Case No. 2011-KH-0202 was an excessive sentence claim, and because such a claim cannot be asserted in a post-conviction application, the court **correctly** denied that claim pursuant to article 930.3 and the <u>Melinie</u> decision.

After petitioner subsequently filed his post-conviction application on February 20, 2013, the Louisiana Supreme Court likewise **correctly** denied that application as untimely pursuant to article 930.8 because it was not filed within two years of the date on which his conviction became final. In doing so, the court cited <u>Hall</u> to make clear that it was finding that petitioner's conviction became final upon his failure to file a timely direct-review application with the Louisiana Supreme Court, **not** later upon the denial of his untimely writ application in 2011. The Louisiana Supreme Court also correctly cited <u>Glover</u> since it was raising the limitations issue *sua sponte*.

Therefore, contrary to petitioner's argument, the procedural rules invoked were **not** misapplied by the Louisiana Supreme Court. Moreover, those procedural rules clearly qualify as "independent" and "adequate" to support a federal procedural bar. For example, federal courts have repeatedly held that article 930.3 and the <u>Melinie</u> decision are "independent" and "adequate" state rules. <u>See, e.g.</u>, <u>Hull v. Stalder</u>, No. 99-31199, 2000 WL 1598016 (5th Cir. Sept. 28, 2000); <u>Davis v. Prince</u>, Civ. Action No. 11-0172, 2011 WL 5878155, at *7 (E.D. La. Sept. 28, 2011), <u>adopted</u>, 2011 WL 5878152 (E.D. La. Nov. 23, 2011); <u>Cotton v. Cooper</u>, Civ. Action No. 11-0231, 2011 WL 5025311, at *7 (E.D. La. Sept. 14, 2011), <u>adopted</u>, 2011 WL 5025295 (E.D. La. Oct. 21, 2011); <u>Taylor v. Cain</u>, Civ. Action No. 07-3929, 2008 WL 4186883, at *16 (E.D. La. Sept. 10, 2008); <u>Williams v. Cain</u>, Civ. Action No. 05-0710, 2008 WL 3363562, at *8 (E.D. La. Aug. 8, 2008); <u>Madina v. Cain</u>, Civ. Action No. 05-2126, 2006 WL 2726506, at *3 (E.D. La. Sept. 20, 2006); <u>Johnson v. Andrews</u>, Civ. Action No. 05-0413, 2006 WL 2294864, at *4 (E.D. La. Aug.4, 2006); <u>Williams v. Miller</u>, Civ. Action No. 05-0086, 2006 WL 2087867, at *9 (E.D. La. July 24, 2006); <u>Dedmond v. Cain</u>, Civ. Action No. 03-3375, 2005 WL 1578086, at *8 (E.D. La. June 30, 2005);

Leonard v. Hubert, Civ. Action No. 00-0511, 2001 WL 333123, at *7 (E.D. La. Apr. 4, 2001).  It is likewise beyond cavil that article 930.8 and the Glover decision qualify as independent and adequate rules to support a procedural bar in federal court.  Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); see also Morris v. Cain, No. 06-30916, 2008 WL 3876479 (5th Cir. Aug. 20, 2008); Pineyro v. Cain, 73 Fed. App'x 10, 11 (5th Cir. 2003); Wetzel v. Cain, Civ. Action No. 13-6201, 2014 WL 950150, at *3 (E.D. La. Mar. 10, 2014); Tolbert v. Cain, Civ. Action No. 08-435, 2009 WL 1309851, at *2 (M.D. La. May 11, 2009); Lott v. Travis, Civ. Action No. 08-1390, 2008 WL 4964797, at *7-8 (E.D. La. Nov. 18, 2008); MacCracken v. Louisiana, Civ. Action No. 07-9540, 2008 WL 2951214, at *10 (E.D. La. July 25, 2008).

Because the procedural rules invoked by the Louisiana Supreme Court qualify as "independent" and "adequate" rules for the reasons already explained, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim[s] will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).  In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).  Here, petitioner argues that he "has clearly established cause, namely that the Louisiana Supreme Court appears to summarily deny writs on whatever erroneous and wholly inapplicable basis first comes to mind without any regard to the merits, or indeed, the substance of the application."[23]  However, as explained *supra*, the Louisiana Supreme

---

[23]  Rec. Doc. 14, p. 4.

Court in this case correctly denied petitioner relief on legitimate bases.  Because his argument on this point is meritless, he has not made the required showing of "cause."  "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice."  <u>Martin v. Maxey</u>, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, this Court need consider his claims only if the application of the procedural bar would result in a "fundamental miscarriage of justice."  However, the "fundamental miscarriage of justice" exception is limited to claims of "actual innocence."  <u>See</u> <u>Bagwell v. Dretke</u>, 372 F.3d 748, 757 (5th Cir. 2004); <u>Lucas v. Johnson</u>, 132 F.3d 1069, 1077 (5th Cir. 1998).  "Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted."  <u>Finley v. Johnson</u>, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted).  Petitioner has not even alleged, much less shown, that he is actually innocent of the crimes of which he stands convicted.  Clearly, therefore, he has not established that any miscarriage of justice will result from the application of the procedural bar to his claims of ineffective assistance of counsel and prosecutorial misconduct.

Lastly, the Court will note that petitioner's remaining claim is that his sentence is excessive.  It is unclear to what extent, if any, the "actual innocence" exception is available when the defaulted claim relates merely to an alleged sentencing error in a noncapital proceeding.

In <u>Haley v. Cockrell</u>, 306 F.3d 257 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals, after noting that a split exists among the circuits on that issue, held that the "actual innocence" exception is available to petitioners in noncapital proceedings who claim they were erroneously sentenced as habitual or multiple offenders.  <u>Id.</u> at 265-66.  The <u>Haley</u> court further held

that, when barred claims dealt with such alleged sentencing errors, the "actual innocence" requirement is met only when the petitioner shows that "he would have not been legally eligible for the sentence he received." Id. at 264.  However, the Supreme Court subsequently vacated the Haley decision on other grounds and remanded the case to the Fifth Circuit. Dretke v. Haley, 541 U.S. 386 (2004).  In so doing, the Supreme Court expressly declined to answer the question of whether the "actual innocence" exception applies to noncapital sentencing errors. Id. at 393-94.

This Court does not attempt to answer the question left open by the Supreme Court. Nevertheless, even if the "actual innocence" exception is applicable to defaulted claims regarding noncapital sentencing errors, petitioner has failed to establish that he was legally ineligible for the habitual offender sentences he received.[24]  Thus, he has not demonstrated that any miscarriage of justice will result from application of the procedural bar to his excessive sentence claim.

Accordingly, for all of the foregoing reasons, the undersigned finds that all of petitioner's claims are procedurally barred from federal review.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Patrick Matthews be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[24] On the contrary, in arguing that his trial counsel was ineffective, petitioner opines that "counsel was well aware that Petitioner was facing not merely the *possibility* of a life sentence if conviction [sic] but a certainty."  Rec. Doc. 1-1, p. 22.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[25]

New Orleans, Louisiana, this twenty-fourth day of August, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.