UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

_____

| | | |
|---|---|---|
| PATRICK WARREN MATTHEWS, | ) | CIVIL NO. 2:15-cv-00430-NJB-SS |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | ACTION FOR FEDERAL HABEAS |
| | ) | CORPUS RELIEF FROM CONVICTION |
| BURL CAIN, Warden | ) | IN THE 22nd JUDICIAL DISTRICT |
| Louisiana State Penitentiary, | ) | COURT, PARISH OF ST. TAMMANY, |
| | ) | STATE OF LOUISIANA, NO.: 467460 "B" |
| Respondent. | ) | |
| _____ | ) | |

**MOTION FOR LEAVE AND INCORPORATED SUPPLEMENT TO PETITIONER'S TRAVERSE OF AND OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**COMES NOW**, Petitioner PATRICK WARREN MATTHEWS by and through his undersigned Counsel, who respectfully moves, pursuant to 28 U.S.C. § 636(b)(1) and Rule 6(b) of the Federal Rules of Civil Procedure, for leave to submit a supplemental Traverse and Objection to the Magistrate Judge's Report and Recommendation, recommending the dismissal of Petitioner's Application for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

In support and supplementation thereof, Petitioner states as follows:

1. The Magistrate Judge recommend dismissal of Petitioner's Petition for Issuance of the Writ of Habeas Corpus in an August 24, 2015 Report and Recommendation.

2. Pursuant to the 28 U.S.C. § 636(b)(1), Rule 6(a)(1)(C), and the electronic docket entry associated with the Magistrate's Report, Petitioner had through September 8, 2015 to submit an Objection.

3. Accordingly, Petitioner timely submitted his Traverse and Objection on Tuesday, September 8, 2015.

4. In recommending dismissal, the Magistrate Court concluded that Petitioner's Application for Certiorari during his direct appeal was submitted three (3) days tardily, thus rendering Petitioner's instant Habeas Petition out of time.

5. The Magistrate stated, in pertinent part:

   What both the state and petitioner's counsel have failed to recognize is that petitioner's writ application in Case No. 2011-KH-0202 was **untimely**. The Louisiana First Circuit Court of Appeal affirmed petitioner's convictions, habitual offender adjudications, and sentences on **December 22, 2010**, and mailed notice of its decision that same date. As a result, petitioner had only until **January 21, 2011**, to seek review of that decision by the Louisiana Supreme Court. The Louisiana Supreme Court determined that petitioner's writ application, which was mailed in an enveloped [sic] stamped "Not Censored" by prison officials on **January 24, 2011**, and metered for mailing on that same date, was **untimely** [footnotes omitted; emphasis in original.]

   Doc. No. 15, at pp. 6-7.

6. It has been Petitioner's contention that his Application for Certiorari on direct appeal was timely filed and that the Louisiana Supreme Court's dismissal of Petitioner's subsequent Application for Certiorari during collateral proceedings on grounds of repetitiveness represented a gross injustice and a departure from the prevailing law.

7. In light of the Magistrate's Report, Petitioner contacted the Classification Department at the Louisiana State Penitentiary to obtain a copy of his official Request for Legal Mail to ascertain the precise date in which Petitioner's Application for Certiorari was placed in the prison mailing system.

8. Petitioner received a copy of his Request for Legal Mail, which has been forwarded to the undersigned counsel.

9. Petitioner's Request for Legal Mail indisputably establishes that Petitioner entrusted and placed an "App for Writ of Certiorari" addressed to "Clerk; Supreme Court of Louisiana"

at "400 Royal St., Suite 4200, New Orleans, LA 70130" on **January 21, 2011** as noted by the classification officer's date and signature. *See* **Exhibit 1**.

10. There is an "abundance of Louisiana case law following the 'mailbox rule.'" *Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013).

11. In *State ex rel. Egana v. State*, 771 So.2d 638 (La. 2000), approved of the use of the "mailbox rule" referred to in *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988), for *pro se* appeals.

12. Since that time, the "mailbox rule" has been extended to a number of matters involving *pro se* litigants in the custody of the Department of Corrections. *See e.g., State v. Girod,* 892 So. 2d 646, 653 (La.App. 5 Cir. Dec. 28, 2004); *Tatum v. Lynn*, 637 So. 2d 796 (La.App. 1 Cir. May 20, 1994).

13. Under the prison "mailbox rule," a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006). "For example, if a pro se prisoner mails his pleading three days prior to a procedural deadline yet it does not reach the clerk of the court until three days after the deadline, under the prison mailbox rule, the pleading is considered timely." *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009).

14. Consequently, evidence of Petitioner's timely filing of his Application for Certiorari on January 21, 2011 directly contradicts the Magistrate's assertion that—as prison authorities did not postmark the Application until January 23, 2011—it was necessarily untimely.

15. A Habeas petitioner has fourteen (14) days to object to a Magistrate's Report and Recommendation.

16. Rule 6 of the Federal Rules of Civil Procedure permits the Court to extend, for good cause, an applicable deadline upon a motion and a showing of excusable neglect.

17. To the extent not otherwise inconsistent with the applicable rules governing Habeas proceedings, the Federal Rules of Civil Procedure govern proceedings in Habeas actions. *Sixta v. Thaler*, 615 F.3d 569 (5th Cir. 2010).

18. In the instant case, Petitioner timely filed his Objection. However, Petitioner's Objection did not include a copy of ***Exhibit 1***, herein. Petitioner failed to include this copy as Petitioner was not in possession of the Request for Legal Mail at the time of his September 8, 2015 Objection.

19. Petitioner has acted diligently in making a request for his records from the Classification Department at the Louisiana State Penitentiary and in forwarding his copy to counsel for submission to the Court.

20. Petitioner is an inmate serving a life sentence in a maximum security prison for Theft and Simple Burglary.

21. Petitioner has unequivocal and undeniable proof that the reasoning underlying the Magistrate's recommendation for dismissal is in error, to wit: pursuant to the "mailbox rule" Petitioner's Application for Certiorari to the Louisiana Supreme Court on direct appeal was timely filed on **January 21, 2011** when it was tendered to the prison authorities in the Classification Office along with a Request for Legal Mail and not filed on **January 24, 2011**, when it was officially post-marked.

22. Should this Court fail to permit Petitioner to supplement his timely-filed Objection with evidence that the Magistrate's conclusions are in error, Petitioner will suffer an irreparable

and material prejudice in that he will face the risk of the dismissal of his action upon erroneous grounds.

23. Furthermore, supplementation at this stage, after the issuance of the Magistrate's Report but before the District Court's adoption or rejection of that Report, is an efficient use of judicial resources as it forecloses the need for Petitioner to seek post-judgment relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See Balentine v. Thaler,* 626 F.3d 842, 847 (5th Cir. 2010).

**WHEREFORE**, Petitioner requests that leave be granted and that the instant Supplemental Objection and Traverse of the Magistrate's Report and Recommendation, and attached exhibit, be accepted into the record.

Respectfully submitted,

**H2 LAW, LLC**

/s/ Justin Caine Harrell
Justin Caine Harrell, Esq.
LSBA 31471
Attorneys for Patrick Warren Matthews
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
504-585-7329
504-324-0145 *facsimile*

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that on November 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of the same (NEF) to the following:

Kathryn Landry, Esq.
P.O. Box 82659
Baton Rouge, Louisiana 70884
(225) 766-0023
(225) 766-7341
Kathilandry@aol.com

                                                   /s/ Justin Caine Harrell
                                                   Justin Caine Harrell, Esq.
                                                   Attorney for Petitioner
                                                 1100 Poydras Street, Suite 2900
                                                 New Orleans, Louisiana 70118
                                                 E-mail: justin.h2law@gmail.com