# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK MATTHEWS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-430** |
| **N. BURL CAIN, WARDEN** | **SECTION "G"(1)** |

## ORDER AND REASONS

Before the Court are Petitioner Patrick Matthews' ("Petitioner") objections and supplemental objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition pursuant to 28 U.S.C. § 2254 raising the following grounds for relief: (1) his sentence is excessive; (2) ineffective assistance of counsel at trial; (3) ineffective assistance of counsel on appeal; and (4) the prosecution engaged in misconduct.[3] The Magistrate Judge recommends that the petition be dismissed with prejudice as procedurally barred from federal review.[4] Petitioner objects to the recommendation, arguing that his claims are not procedurally barred and should be addressed on the merits.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will sustain Petitioner's objection and refer the petition to the

---

[1] Rec. Docs. 16, 17.

[2] Rec. Doc. 15.

[3] Rec. Doc. 1-1 at 1–2.

[4] Rec. Doc. 15.

[5] Rec. Docs. 16, 17.

Magistrate Judge to prepare a Report and Recommendation for the Court consistent with this opinion.

## I. Background

*A. Factual Background*

On May 18, 2009, Petitioner was charged by bill of information with one count simple burglary (Count 1) and two counts of theft (Counts 2 and 3) in the Twenty-Second Judicial District Court for the Parish of St. Tammany.[6] On November 12, 2009, a jury found Petitioner guilty as charged.[7] On December 16, 2009, the trial court sentenced Petitioner to ten years imprisonment as to Count 1 and seven years imprisonment as to each of Counts 2 and 3.[8] On February 12, 2010, the trial court adjudicated Petitioner to be a fourth-felony multiple offender.[9] The same day, the trial court resentenced Petitioner on Count 1 to a term of life imprisonment without the benefit of parole, probation, or suspension of sentence and on Count 2 to a term of 20 years imprisonment without the benefit of parole, probation, or suspension of sentence.[10] Petitioner's sentence as to Count 3 was unaffected by the habitual offender adjudication.[11]

The Louisiana First Circuit Court of Appeal affirmed Petitioner's convictions, habitual offender adjudication, and sentences on December 22, 2010.[12] Petitioner subsequently submitted a pro se writ application to the Louisiana Supreme Court. The Louisiana Supreme Court denied

---

[6] State Rec. Vol. I of VIII, Bill of Information, May 18, 2009.

[7] State Rec. Vol. I of VIII, Jury Verdict, Nov. 12, 2009.

[8] State Rec. Vol. I of VIII, Sentencing Minutes, Dec. 16, 2009.

[9] State Rec. Vol. I of VIII, Sentencing Minutes, Feb. 12, 2010.

[10] *Id.*

[11] *Id.*

[12] *State v. Matthews*, No. 10-KA-1040 (La. App. 1 Cir. 12/22/10); 2010 WL 5442011.

the writ application on December 2, 2011, citing Louisiana Code of Criminal Procedure article 930.3 and *State ex rel. Melinie v. State*.[13]

On February 20, 2013, Petitioner, through counsel, filed an application for post-conviction relief with the state trial court.[14] On September 16, 2013, the state trial court denied Petitioner's application.[15] Petitioner's related writ application was denied by the Louisiana First Circuit on April 8, 2014.[16] The Louisiana Supreme Court also denied Petitioner's writ application on February 6, 2015, citing Louisiana Code of Criminal Procedure article 930.8, *State ex rel. Glover v. State*, and *State ex rel. Hall v. State*.[17]

Petitioner filed this federal *habeas* petition on February 10, 2015.[18] Petitioner raises the following grounds for relief: (1) his sentence is excessive; (2) ineffective assistance of counsel at trial; (3) ineffective assistance of counsel on appeal; and (4) the prosecution engaged in misconduct.[19] In its response to the petition, the State conceded that the petition was timely, but asserted that the petition is procedurally barred.[20] Petitioner filed a reply to the State's response,

---

[13] *State ex rel. Matthews v. State*, No. 2011-KH-202 (La. 12/02/11); 76 So. 3d 1165 (citing La. Code Crim. P. art. 930.3; *State ex rel. Melinie v. State*, No. 93-1380 (La. 1/12/96), 665 So. 2d 1172).

[14] State Rec. Vol. IV of VIII, Application for Post-Conviction Relief, Feb. 20, 2013.

[15] State Rec. Vol. IV of VI, Order and Reasons for Judgment of the Twenty-Second Judicial District Court, June 10, 2013.

[16] *State v. Matthews*, No. 14-KW-14 (La. App. 1 Cir. 04/08/14); State Rec., Vol. IV of VIII.

[17] *State v. Matthews*, No. 14-KP-977 (La. 02/06/15); 158 So. 3d 813 (citing La. Code Crim. P. art. 930.8; *State ex rel. Glover v. State*, No. 93-2330 (La. 9/5/95), 660 So. 2d 1189; *State ex rel. Hall v. State*, 99-0326 (La. 9/24/99), 871 So. 2d 1071).

[18] Rec. Doc. 1.

[19] Rec. Doc. 1-1 at 1–2.

[20] Rec. Docs. 10, 11.

arguing that the procedural bar should not apply because the Louisiana Supreme Court misapplied Louisiana law.[21]

### B. *Report and Recommendation Findings*

The Magistrate Judge recommends that the Court dismiss Petitioner's claims with prejudice as procedurally barred.[22] The Magistrate Judge found that the Louisiana Supreme Court "clearly and expressly" denied Petitioner's claims on procedural grounds.[23] Specifically, the Magistrate Judge noted that in denying Petitioner's first writ application, which challenged the excessiveness of his sentence, the Louisiana Supreme Court cited Louisiana Code of Criminal Procedure article 930.3 and *State ex rel. Melinie v. State*.[24] The Magistrate Judge found that both of these citations concern procedural matters as Article 930.3 limits the grounds on which a prisoner may seek post-conviction relief, and *Melinie* held that Article 930.3 does not allow post-conviction challenges to sentencing errors.[25]

The Magistrate Judge also noted that in denying Petitioner's second writ application, where Petitioner reasserted his excessive sentence claim and asserted his remaining three claims, the Louisiana Supreme Court cited Louisiana Code of Criminal Procedure article 930.8, *State ex rel. Glover v. State*, and *State ex rel. Hall v. State*.[26] The Magistrate Judge found that all of the citations concerned procedural matters because: (1) Article 930.8 sets forth the limitations period for filing

---

[21] Rec. Doc. 14.

[22] Rec. Doc. 15 at 12.

[23] *Id.* at 5.

[24] *Id.* (citing *Matthews*, 76 So. 3d at 1165).

[25] *Id.* (citing La. Code Crim. P. art. 930.3; *Melinie*, 665 So. 2d at 1172).

[26] *Id.* (citing *Matthews*, 158 So. 3d at 813).

4

applications for post-conviction relief;[27] (2) in *Glover* the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness;[28] and (3) in *Hall* the Louisiana Supreme Court clarified that a defendant's conviction becomes final under Louisiana law upon his failure to seek timely review from a court of appeal's decision on direct appeal.[29]

The Magistrate Judge noted that Petitioner sought to avoid the imposition of a procedural bar by arguing that the Louisiana Supreme Court misapplied Louisiana law in its rulings.[30] However, the Magistrate Judge found this argument unavailing for two reasons.[31] First, the Magistrate Judge noted that the Louisiana Supreme Court is the final arbiter of Louisiana law,[32] and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[33]

Second, the Magistrate Judge found that the Louisiana Supreme Court did not err because Petitioner's writ application on direct appeal was untimely.[34] The Magistrate Judge determined that Petitioner had until January 21, 2011, to file a writ application on direct appeal, but Petitioner's writ application was not stamped by prison officials and mailed until January 24, 2011.[35] The

---

[27] *Id.* (citing La. Code Crim. P. art. 930.8).

[28] *Id.* (citing *Glover*, 660 So. 2d at 1189).

[29] *Id.* (citing *Hall,* 871 So. 2d at 1071).

[30] *Id.* at 6.

[31] *Id.*

[32] *Id.*(citing *Levy Gardens Partners 2007, L.P. v. Commonwealth Land and Title Insurance Co.*, 706 F.3d 622, 629 (5th Cir. 2013)

[33] *Id.*(quoting *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999))

[34] *Id.*

[35] *Id.* at 6–7 (citing State Rec., Vol. VII of VIII, envelope).

5

Magistrate Judge found that rather than denying the application as an untimely direct-review application, the Louisiana Supreme Court opted to treat it as one seeking collateral review.[36] The Magistrate Judge found that this conclusion was supported by three facts: (1) the Louisiana Supreme Court re-captioned the case as *State ex rel. Patrick W. Matthews v. State of Louisiana*, the form of caption used for collateral-review pro se writ applications; (2) in denying relief, the Louisiana Supreme Court cited Louisiana Code of Criminal Procedure article 930.8 and *Melinie*; and (3) the Louisiana Supreme Court cited *Hall* when denying Petitioner's subsequent writ application.[37] In *Hall*, the Magistrate Judge noted that the Louisiana Supreme Court converted an untimely writ application "not as a step in direct review, but as an alternative to requiring relator to employ the redundant procedure of asserting, by post-conviction application in the lower courts. . . ."[38] Therefore, the Magistrate Judge determined that the Louisiana Supreme Court's citation to *Hall* was "a clear indication" that the Louisiana Supreme Court had converted Petitioner's untimely writ application on direct appeal to an application for post-conviction relief.[39] Accordingly, contrary to Petitioner's argument, the Magistrate Judge concluded that the procedural rules invoked were not misapplied by the Louisiana Supreme Court.[40]

Furthermore, the Magistrate Judge found that the procedural rules were "independent" and "adequate" to support a federal procedural bar.[41] Therefore, the Magistrate Judge determined that

---

[36] *Id.* at 7 (citing *Thomas v. Goodwin*, 786 F.3d 395, 399 n.6 (5th Cir. 2015) ("The Louisiana Supreme Court sometimes converts untimely writ applications into applications for post-conviction relief.")).

[37] *Id.*

[38] *Id.* at 8 (quoting *Hall*, 871 So. 2d at 1071).

[39] *Id.*

[40] *Id.* at 9.

[41] *Id.* at 9–10 (citations omitted).

6

"federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim[s] will result in a fundamental miscarriage of justice."[42] The Magistrate Judge noted that Petitioner argued that he had established cause because "the Louisiana Supreme Court appears to summarily deny writs on whatever erroneous and wholly inapplicable basis first comes to mind without any regard to the merits, or indeed, the substance of the application."[43] The Magistrate Judge found this argument unavailing because the Louisiana Supreme Court had denied Petitioner relief on legitimate bases.[44] Furthermore, the Magistrate Judge found that Petitioner had not established that any miscarriage of justice would result from the application of the procedural bar to his claims, because Petitioner had not alleged that he was actually innocent of the crimes for which he was convicted.[45] Accordingly, the Magistrate Judge recommends that the Court dismiss the petition with prejudice as the claims asserted are procedurally barred from federal review.[46]

## II. Objections

### A. *Petitioner's Objections*

Petitioner filed timely objections to the Magistrate Judge's Report and Recommendation.[47] Petitioner argues that "[t]he Louisiana Supreme Court's unilateral conversion of Petitioner's tardy application for writs on direct appeal to an application on post-conviction did more harm than

---

[42] *Id.* at 10 (quoting *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999)).

[43] *Id.* (quoting Rec. Doc. 14 at 4).

[44] *Id.* at 11.

[45] *Id.*

[46] *Id.* at 12.

[47] Rec. Doc. 16.

7

good."⁴⁸ "By converting and then summarily dismissing Petitioner's application," Petitioner contends that "the Supreme Court egregiously foreclose[d] all future avenues of relief."⁴⁹

Petitioner notes that the Magistrate Judge relied on three facts to support the recommendation: (1) the Louisiana Supreme Court re-captioned of the case as *State ex rel. Patrick W. Matthews v. State of Louisiana*, the form of caption used for collateral-review pro se writ applications; (2) in denying relief, the Louisiana Supreme Court cited Louisiana Code of Criminal Procedure article 930.8 and *Melinie*; and (3) the Louisiana Supreme Court cited *Hall* when denying Petitioner's subsequent writ application.⁵⁰ As for the first fact, Petitioner contends that the Louisiana Supreme Court "attaches this prefix to most, if not all, applications for writs on direct appeal," and "while captions may be instructive, they are not binding."⁵¹ With regard to the second fact, Petitioner asserts that the Louisiana Supreme Court misidentified and misapplied the applicable law, and so the court's references to Louisiana Code of Criminal Procedure article 930.3 and *Melinie* "cannot be counted upon as an adequate or independent state ground."⁵² As for the third fact, Petitioner disputes the rationale of the Louisiana Supreme Court's holding in *Hall*, arguing that "[i]t is simply untenable that the Louisiana Supreme Court would construe an applicant's tardy bid for certiorari as a collateral attack placing defendants in the position of facing default and summary dismissal under La. C.Cr.P art. 930.4 or 930.8, not to mention default in habeas petitions unless . . . such actions ameliorate the defendant's circumstances."⁵³ Petitioner

---

⁴⁸ *Id.* at 3.

⁴⁹ *Id.*

⁵⁰ *Id.*

⁵¹ *Id.* at 4.

⁵² *Id.*

⁵³ *Id.* at 5–6.

8

contends that the Louisiana Supreme Court "hijack[ed] Petitioner's submission," and did "more harm than good" because if it had construed the application properly as a request for writs on direct appeal, "Petitioner's conviction would not have become final for habeas purposes until December 2, 2011 rendering the instant Petition timely and the Supreme Court's 2015 judgment erroneous."[54]

Petitioner cites *Jiminez v. Quarterman*, a decision by the United States Supreme Court holding that "where a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal."[55] Petitioner also cites the Fifth Circuit's decision in *Roberts v. Cockrell*, holding that federal law controls when a state conviction becomes final for purposes of section 2244.[56] "Reading this authority together and mindful at the gross inequity attendant to the Louisiana Supreme Court's unilateral conversion of a tardy direct appeal into a presumptively failing collateral attack," Petitioner contends that "this Court should be guided by principles of fundamental fairness and hold that the Supreme Court's December 2, 2011 judgment is properly construed as the last decision of Petitioner's direct appeal."[57]

### B. *Petitioner's Supplemental Objections*

With leave of Court, Petitioner filed supplemental objections to the Magistrate Judge's Report and Recommendation.[58] Petitioner contends that in light of the Magistrate Judge's finding that his writ application filed with the Louisiana Supreme Court on direct appeal was untimely his counsel "contacted the Classification Department at the Louisiana State Penitentiary to obtain a

---

[54] *Id.* at 6.

[55] *Id.* (citing 550 U.S. 113, 120 (2009)).

[56] *Id.* (citing 319 F.3d 690 (5th Cir. 2003)).

[57] *Id.* at 6–7.

[58] Rec. Doc. 17.

9

copy of his official Request for Legal Mail to ascertain the precise date in which Petitioner's Application for Certiorari was placed in the prison mailing system."[59] In response, Petitioner contends that he received a document from the prison which shows that he placed an "App for Writ of Certiorari" addressed to the Louisiana Supreme Court in the prison mail system on January 21, 2011.[60]

Petitioner contends that this new evidence establishes that he timely filed his application with the Louisiana Supreme Court under the prison "mailbox rule," which provides that a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submitted the pleading to prison authorities for mailing.[61] Therefore, Petitioner avers that this new evidence is "unequivocal and undeniable proof that the reasoning underlying the Magistrate's recommendation for dismissal is in error, to wit: pursuant to the 'mailbox rule' Petitioner's Application for Certiorari to the Louisiana Supreme Court on direct appeal was timely filed on January 21, 2011 when it was tendered to the prison authorities in the Classification Office along with a Request for Legal Mail and not filed on January 24, 2011, when it was officially postmarked."[62]

## C.     *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections or supplemental objections despite receiving electronic notice of the filing.

---

[59] *Id.* at 2.

[60] *Id.* at 2–3 (citing Rec. Doc. 17-1).

[61] *Id.* at 3 (citing *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006)).

[62] *Id.* at 4.

### III. Standard of Review

*A.     Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[63] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[64] A District Court's review is limited to plain error for parts of the report which are not properly objected to.[65]

### IV. Law and Analysis

Petitioner objects to the Magistrate Judge's determination that his claims are procedurally defaulted.[66] Accordingly, the Court reviews this issue *de novo*.[67]

A habeas corpus claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[68] Where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[69]

---

[63] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[64] Fed. R. Civ. P. 72(b)(3).

[65] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[66] Rec. Doc. 16.

[67] Fed. R. Civ. P. 72(b)(3).

[68] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[69] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

A habeas corpus claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[84] Where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[85]

The Fifth Circuit has "recognized that in order to fulfill the independence requirement, the last state court rendering a judgment must 'clearly and expressly' indicate that its judgment rests on a state procedural bar."[70] The Louisiana Supreme Court relied on Louisiana Code of Criminal Procedure article 930.3 and *State ex rel. Melinie v. State* in denying Petitioner's first writ application.[71] Louisiana Code of Criminal Procedure article 930.3 limits the grounds on which a prisoner may seek post-conviction relief in the Louisiana state courts.[72] In *Melinie*, the Louisiana Supreme Court held that Article 930.3 "provides no basis for review of claims of excessiveness or other sentencing error post-conviction."[73]

The Louisiana Supreme Court relied on Louisiana Code of Criminal Procedure article 930.8, *State ex rel. Glover v. State*, and *State ex rel. Hall v. State* in denying Petitioner's second writ application.[74] Louisiana Code of Criminal Procedure article 930.8 provides that an application

---

[84] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)).

[85] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999) (citing *Coleman*, 501 U.S. at 750).

[70] *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (quoting *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995)).

[71] *Matthews*, 76 So. 3d at 1165 (citing *Melinie*, 665 So. 2d at 1172).

[72] *Allen v. Vannoy*, 659 F. App'x 792, 808 (5th Cir. 2016).

[73] *Melinie*, 665 So. 2d at 1172.

[74] *Matthews*, 158 So. 3d at 813 (citing *Glover*, 660 So. 2d at 1189; *Hall*, 871 So. 2d at 1071).

for post-conviction relief must be filed within two years after the judgment became final. In *Glover*, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness.[75] In *Hall*, the Louisiana Supreme Court clarified that a defendant's conviction becomes final under Louisiana law upon his failure to seek timely review from a court of appeal's decision on direct appeal.[76] Therefore, the independence requirement is satisfied because the Louisiana Supreme Court clearly and expressly indicated that its judgment rested on state procedural bars.

However, the state procedural rule also must be adequate.[77] "An adequate rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims."[78] "An important consideration in determining whether an adequate state law ground exists is the application of the state law ground to identical or similar claims."[79] "If the state law ground is not firmly established and regularly followed, there is no bar to federal review and a federal habeas court may go to the merits of the claim."[80]

The Magistrate Judge found that the Louisiana Supreme Court correctly applied these procedural bars because Petitioner's writ application on direct appeal was untimely.[81] The Louisiana First Circuit affirmed Petitioner's convictions and sentences on December 22, 2010.[82]

---

[75] *Glover*, 660 So. 2d at 1201–02.

[76] *Hall*, 871 So. 2d at 1071.

[77] *Glover*, 128 F.3d at 902.

[78] *Id.* (citing *Amos*, 61 F.3d at 338).

[79] *Rosales v. Dretke*, 444 F.3d 703, 707 (5th Cir. 2006) (citing *Amos*, 61 F.3d at 338)).

[80] *Id.* (citing *Barr v. Columbia*, 378 U.S. 146, 149 (1964)).

[81] Rec. Doc. 15 at 6.

[82] *Matthews*, 2010 WL 5442011.

Under Louisiana law, Petitioner had until January 21, 2011, 30 days after entry of the judgment by the Louisiana First Circuit, to seek review by the Louisiana Supreme Court.[83] The Magistrate Judge determined that Petitioner's writ application was untimely because it was not stamped by prison officials and mailed until January 24, 2011.[84]

However, in his objections to the Report and Recommendation, Petitioner presents a document from the prison titled "Offender's Request for Legal/Indigent Mail," which indicates that Petitioner placed an "App for Writ of Certiorari" addressed to the Louisiana Supreme Court in the prison mail system on January 21, 2011.[85] In *Stoot*, the Fifth Circuit noted that Louisiana recognizes the "prison mailbox rule," which proves that "a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing." [86] There, the Fifth Circuit remanded the case to the district court for further factual inquiry into whether the petitioner timely submitted a writ application to prison authorities, an argument that the petitioner first raised in his objections to the Magistrate Judge's Report and Recommendation.[87]

In the instant case, Petitioner presents evidence for the first time in his objections to the Report and Recommendation, which suggests that he timely submitted his pro se writ application to prison authorities for mailing to the Louisiana Supreme Court. Moreover, the State has not

---

[83] *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.").

[84] Rec. Doc. 15 at 6–7 (citing State Rec., Vol. VII of VIII, envelope).

[85] Rec. Doc. 17-1.

[86] *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009) (citations omitted).

[87] *Id.*

presented any argument or evidence to contradict the evidence submitted by Petitioner. Under the Fifth Circuit's holding in *Stoot*, the Court must consider this evidence in determining whether the writ application is timely. Upon consideration of this evidence, Petitioner's first writ application to the Louisiana Supreme Court was timely submitted to prison authorities for mailing on January 21, 2011. Therefore, the Louisiana Supreme Court did not evenhandedly apply Louisiana Code of Criminal Procedure article 930.3 in denying Petitioner's first writ application. Moreover, because the first writ application was timely filed under Louisiana's prison mailbox rule, the Louisiana Supreme Court did not evenhandedly apply Louisiana Code of Criminal Procedure article 930.8 in denying Petitioner's second writ application. This is so because Petitioner's post-conviction relief application was filed in the state trial court on February 20, 2013, within two years of his conviction becoming final. Because the state law grounds for denying Petitioner's writ applications were not evenhandedly applied in this case, "there is no bar to federal review and a federal habeas court may go to the merits of the claim."[88] Accordingly, the Court refers this matter back to the Magistrate Judge to prepare another Report and Recommendation on the merits of Petitioner's claims.

---

[88] *Rosales*, 444 F.3d at 707.

## V. Conclusion

For the reasons stated above, the Court refers this matter back to the Magistrate Judge to prepare another Report and Recommendation on the merits of Petitioner's claims. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **SUSTAINED**.

**IT IS FURTHER ORDERED** that the petition of Patrick Warren Matthews for issuance of a writ of *habeas corpus* is **REFERRED** to the United States Magistrate Judge to prepare another Report and Recommendation for the Court consistent with this opinion.

**NEW ORLEANS, LOUISIANA,** this __1st__ day of September, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**